IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ANGEL LACEN-DE JESUS,**
Petitioner

v.                                                         **Civil No.** 15-2909 (DRD)

**UNITED STATES OF AMERICA,**
Respondent.

## OPINION & ORDER

Pending before the Court is Petitioner Angel Lacen-De Jesus' *Motion to Vacate, Set Aside or Correct* the sentence imposed in criminal case 13-cr-737. *See* Docket No. 1; *see also* 28 U.S.C. § 2255. For the reasons elucidated below, the Court hereby **DENIES WITH PREJUDICE** Petitioner's *Motion to Vacate, Set Aside or Correct Sentence*.

### I.    PROCEDURAL BACKGROUND

On October 7, 2013, Petitioner Angel Lacen-De Jesus ("Petitioner") was indicted and charged with one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), a class C felony. *See* 13-cr-737 at Docket No. 8.

On September 17, 2014 Petitioner pled guilty to Count One of the indictment after entering into a plea agreement with the United States pursuant to Fed. R. Crim. P 11(c)(1)(B).[1] *See Id*. at Docket Nos. 38, 40. The agreement provided for a total base offense level of twenty-one (21) points—twenty-four points (24) for Petitioner's two prior violent felony convictions and a three (3) point reduction for acceptance of responsibility. *See Id*. at Docket No. 38, page 4. The agreement recommended a sentence of twenty (20) months of imprisonment, a variance from the applicable sentencing guidelines, and contained **no stipulation** regarding Petitioner's Criminal History Category. *Id*. at 5. The Court notes that Petitioner's actual Criminal History Category (V) resulted much higher than Petitioner initially anticipated.

---
[1] Petitioner's Plea Agreement

On January 15, 2015, the Court sentenced Petitioner to seventy-eight (78) months of imprisonment. *Id*. at Docket No. 45. Because he was not sentenced pursuant to the plea agreement, Petitioner was advised of his right to appeal his sentence within fourteen (14) days of the entry of judgment. Id. at p. 25. On July 28, 2015, Petitioner filed his notice of appeal which was dismissed as untimely. *See United States v. Lacen-De Jesus*, App. No. 15-1933.

On November 23, 2015, Petitioner filed the instant *Motion to Vacate, Set Aside, or Correct Sentence. See* Docket No. 1. Petitioner alleges counsel was ineffective in failing to object to the Court's alleged "upward departure from the Guidelines" and for failing to object to the Court's departure as unreasonable. On July 3, 2014, The United States of America ("Respondent") filed its *Response in Opposition to Motion* wherein it argued against Petitioner's motion for relief and alleged that Petitioner's counsel had, indeed, been effective. *See* Docket No. 8. On July 28, 2016, Petitioner filed a reply to the United States' response (Docket No. 9) restating his claims for relief.

## II.   ANALYSIS

Under § 2255, a prisoner prevails on his motion to vacate, set aside, or correct a sentence if the petitioner proves one of the following: (i) "the sentence was imposed in violation of the Constitution or laws of the United States," (ii) "the court was without jurisdiction to impose such sentence," (iii) "the sentence was in excess of the maximum authorized by law," or (iv) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Specifically, Petitioner avers that his attorney failed to object to the Court's alleged upward departure from the Sentencing Guidelines and also failed to object "extent of the [Court's] departure as unreasonable."

"In all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defense." U.S. Const. Amend. VI. However, "not every lawyerly slip constitutes ineffective assistance of counsel for Sixth Amendment purposes." *Prou v. United States*, 199 F.3d 37, 48 (1st Cir. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 693 (1984)). "After all, the Constitution entitles a

defendant to generally proficient representation, not perfect representation." *Id.* (citing *Scarpa v. DuBois*, 38 F.3d 1, 8 (1st Cir. 1994)).  The First Circuit succinctly summarized the legal doctrines surrounding claims of ineffective assistance of counsel as follows:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components. First, the defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms . . .
>
> Second, the defendant must show that counsel's deficient performance resulted in prejudice—that is, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*United States v. Mercedes-De La Cruz*, 787 F.3d 61, 67 (1st Cir. 2015)(internal citations and marks omitted). If Petitioner "fails to satisfy either prong of the *Strickland* test, his claim fails." *United States v. Caparotta*, 676 F.3d 213, 219–20 (1st Cir. 2012).

### Counsel's Failure to Object to an Upward Departure from the Applicable Guideline Range

Petitioner avers that the Court's sentence violated Rule 32(h), which provides that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." Fed. R. Crim. P. 32(h).  Here, the Court found that the plea agreement reached with the Government, which recommended twenty (20) months imprisonment, was inadequate and elected to sentence Petitioner within the applicable guideline range. *See* 13-cr-737 at Docket No. 38, page 5. Petitioner's base offense level of twenty-one and Criminal History Category of V provided for a sentence between seventy (70) and eighty-seven (87) months of imprisonment. *See* 13-cr-737 at Docket No. 41, page 9 ("According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of eleven (11) establishes a criminal history category of V."). In sentencing Petitioner to seventy-eight (78) months of imprisonment, the Court imposed a sentence in the middle of the applicable guideline range and, accordingly, was under no obligation to provide notice under Rule 32(h).

Consequently, counsel was not ineffective as his failure to object to the Court's sentence as a departure from the Guideline range would have been meritless. *See United States v. Ventura-Cruel*, 356 F.3d 55, 61 n*8 (1st Cir. 2003) (failure to raise meritless legal argument cannot constitute ineffective assistance of counsel)*(quoting Acha v. United States,* 910 F.2d 28, 32 (1st Cir.1990)); *see also United States v. Victoria,* 876 F.2d 1009, 1012–13 (1st Cir.1989) (same).

### *Counsel's Failure to Object to the Court's Sentence as Unreasonable*

Because the Court did not depart from the applicable Guideline range, Petitioner's argument that counsel's failure to object to an unreasonable departure by the Court lacks merit. However, although Petitioner states his claims for relief as allegations of ineffective assistance of counsel prior to sentencing, his motion is a thinly veiled attempt to collaterally attack his sentence on grounds not raised on appeal. Nevertheless, in an act of ultimate generosity, the Court will entertain Petitioner's argument, raised for the first time in his reply to Respondent's response that counsel failed to "object to the sentence [as a whole] as unreasonable." Docket No. 9 at 3.

Under the "procedural default" rule, "[a] nonconstitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances." *Damon v. United States*, 732 F.3d 1, 4 (1st Cir. 2013)(internal citations omitted); *see also Oakes v. United States*, 400 F.3d 92, 95 (1st Cir. 2005)("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defected."). In cases of this nature, a district court may entertain the petitioner's request for the first time "only if the petitioner has 'cause' for having procedurally defaulted his claims, and if the petitioner suffered 'actual prejudice' from the errors of which he complains," neither of which are present here. *Owens v. United States*, 483 F.3d 48, 56-57 (1st Cir. 2007)(citing *United States v. Frady*, 456 U.S. 152, 168 (1982) and *Knight v. United States*, 37 F.3d 769, 774 (1st Cir. 1994)); *see also Bousley v. United States,* 523 U.S. 614, 622 (1998) (In order to overcome the procedural default rule and attack his sentence

4

by way of a *habeas* petition, Petitioner must first demonstrate "either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'".).

The Court's sentence was procedurally reasonable in that it did not involve "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). Thus, Petitioner's final avenue for relief would be proving the Court's sentence was not substantively reasonable. Nevertheless, under applicable First Circuit precedent, the Court's sentence was also substantively reasonable. *See United States v. Torres–Landrúa,* 783 F.3d 58, 68 (1st Cir.2015)("[w]e will find no abuse of discretion if "the court has provided a plausible explanation, and the overall result is defensible."); *see also United States v. Santiago–Rivera,* 744 F.3d 229, 234 (1st Cir.2014)("There is rarely, if ever, a single correct sentence in any specific case."); and *United States v. King,* 741 F.3d 305, 308 (1st Cir.2014)(Reviewing courts should ask "whether the sentence, in light of the totality of the circumstances, resides within the expansive universe of reasonable sentences."). The Court now turns to Petitioner's final argument.

Petitioner's final argument is that the Court's sentence "called for a reasonable explanation as to why Petitioner's sentence was 'greater than necessary' to achieve the goals of criminal sentencing" and counsel failed to argue "this meritorious issue." Docket No. 9 at 3. Nevertheless, the Court did provide a reasonable explanation of why it decided to sentence Petitioner outside of the plea agreement. Specifically, at sentencing, the Court explained its reasoning as follows:

> **THE COURT**: The Court notes that Mr. Lacen-De Jesus has six known arrests and four convictions . . . One for manslaughter. One for federal fraud. And a separate prior 922(g). The last one became stale, that's why his criminal history was only V. He could have been VI, which is the maximum. VI is the maximum; right?

5

> . . .
>
> Lastly, the Court has taken into consideration the elements of Mr. -- the offense and Mr. Lacen's participation in the same.
>
> The Court has also taken into consideration the plea agreement between the parties and the need to promote respect for the law and protect the public from further crimes by the Defendant, as well as addresses the issue of deterrence and punishment.
>
> The Court deems that a sentence at the middle range of the guideline is a sentence that is just and not greater than necessary. But I cannot provide him a sentence less than Judge Laffitte provided him for the same offense. It did not work. So the Court has to go higher than Judge Laffitte's sentence.
>
> Now, one of the factors that this Court has taken into consideration is, obviously, his criminal history. He had a murder that was reduced to manslaughter, and he has two federal violations. So, and he was not found not guilty, but he was dismissed as to four cases involving false documents, falsification of evidence, falsification of government stamps, and a transfer of a possession of a forged document. Okay. Therefore, it is the judgment of this Court that Mr. Angel Lacen-De Jesus is hereby committed to the Bureau of Prisons for a term of 78 months.
>
> 13-cr-737 at Docket No. 62, pages 18-19.

Evidently, Court provided a detailed explanation of the factors it considered prior to sentencing Petitioner. Thus, because the Court's sentence was both procedurally and substantively reasonable, and comprehensively explained on the record, Petitioner's counsel's failure to object to the Court's sentence as unreasonable does not constitute ineffective assistance of counsel. *See Mercedes-De La Cruz*, 787 F.3d at 67 (Petitioner must show that counsel's performance resulted in prejudice.)

6

### III.     CONCLUSION[2]

For all the reasons discussed above, this Court **DENIES WITH PREJUDICE** Petitioner's *Motion to Vacate, Set Aside, or Correct* sentence.  *See* Docket No. 1.

The Court further orders that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c) (2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 4th day of August, 2016.

S/ DANIEL R. DOMÍNGUEZ
DANIEL R. DOMÍNGUEZ
U.S. District Judge

---

[2] "[A] petition is subject to dismissal, without an evidentiary hearing, if the grounds for relief either are not cognizable under section 2255 or amount to mere "bald" assertions without sufficiently particular and supportive allegations of fact." *Barrett v. United States*, 965 F.2d 1184 (1st Cir. 1992). There is no question that the facts and applicable law of this case defeat Petitioner's arguments. Thus, the Court **DENIES** Petitioner's request for an evidentiary hearing.